IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Reginald Antonio Nance, #275742, | ) | C/A No.: 1:17-366-HMH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Caldwell, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Reginald Antonio Nance ("Petitioner") is an inmate at the Tyger River Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return filed on April 10, 2017. [ECF Nos. 13, 14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by May 12, 2017. [ECF No. 15]. Petitioner filed a response on May 22, 2017 [ECF No. 19], to which Respondent filed a reply on May 30, 2017. [ECF No. 20].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 13] be granted.

I.      Factual and Procedural Background

At trial, Petitioner's codefendant, Johnny Parks, testified that they robbed the Cash Advance and adjoining Tobacco Warehouse on January 27, 2009. [ECF No. 14-2 at 155–56, 166–70]. Parks testified Petitioner had picked him to "do a lick" in a used car that Petitioner had purchased for his girlfriend, Tisha Brown, that day. *Id.*, 160–62; ECF No. 14-3 at 90.

In the process of breaking into the Tobacco Warehouse, Petitioner and Parks set off the alarm system. [ECF No. 14-2 at 171–72; 14-1 at 80]. Police responded to the burglary alarm, [ECF No. 14-1 at 79–80], and Petitioner and Parks fled on foot and left the car still running. *Id.* at 81; 14-3 at 5–16. Police found items belonging to the Tobacco Warehouse and Cash Advance inside the car. [ECF No. 14-1 at 223–25, 230, 233, 303, 307]. Police also found in the car a loaded gun, along with Petitioner's credit card, driver's license, and insurance card, as well as Parks' identification cards. *Id.* at 231–34, 226–27.

Parks testified he and Petitioner fled towards a tree line and jumped down a drop-off before stealing a Taurus from a body shop about four miles down the road in Laurens County. [ECF No. 14-3 at 6–18]. Parks testified they planned for Petitioner to tell his girlfriend to report the car stolen. *Id.* at 21. Parks testified the gun belonged to Petitioner, who had access to the car while Parks was in one of the businesses. [ECF No. 14-2 at 171–73; 14-3 at 8]. Petitioner's girlfriend reported the car stolen the morning following the burglaries, [ECF No. 14-2 at 24], and gave investigators Petitioner's phone number,

*id.* at 109–10. When the police called the number for Petitioner, one of the phones recovered from the car rang. *Id.* at 96, 110.

Petitioner was indicted by the Pickens County grand jury during the March 2010 term of court for grand larceny (2010-GS-39-0354), petit larceny (2010-GS-39-0355), two counts of burglary 2nd degree (2010-GS-39-0356, 0357), possession of a weapon during the commission of a violent crime (2010-GS-39-0358), and malicious damage to real property (2010-GS-39-0360). [ECF No. 14-4 at 81–92]. Petitioner was represented by John Dejong, Esq., and proceeded to a jury trial in April 2010 before the Honorable G. Edward Welmaker, Circuit Court Judge. [ECF No. 14-1 at 3 *et seq.*]. The jury found Petitioner guilty as charged [ECF No. 14-3 at 296–98], and on April 30, 2010, Judge Welmaker sentenced Petitioner to two consecutive terms of eleven years for the two burglaries, five consecutive years for grand larceny, five concurrent years for the weapons charge, another five concurrent years for petit larceny, and thirty concurrent days for malicious damage to property. [ECF No. 14-4 at 3–4].

Petitioner appealed his convictions to the South Carolina Court of Appeals ("Court of Appeals"). [ECF No. 14-5]. On appeal, Petitioner was represented by Tristan M. Shaffer, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 14-6]. Attorney Shaffer filed an *Anders* brief[1] on or about October 6, 2011, raising the following issue:

---

[1] *Anders v. California*, 386 U.S. 738 (1967) requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant

When the State failed to present any evidence that the gun found after a
burglary was ever taken out of the car, Appellant should have been granted
a directed verdict for possession of a firearm during a violent offense.

*Id.* at 4.  On May 22, 2013, the Court of Appeals filed an unpublished decision affirming

Petitioner's conviction for possession of a weapon during the commission of a violent

crime pursuant to *State v. Whitesides,* 725 S.E.2d 487, 490 (S.C. Ct. App. 2012). [ECF

No. 14-10].  The remittitur was issued on June 14, 2013. [ECF No. 14-11].

Petitioner filed an application for post-conviction relief ("PCR") on June 19, 2013,

in which he alleged claims of ineffective assistance of counsel, prosecutorial misconduct,

due process violations, and actual innocence. [ECF No. 14-4 at 6–13]. At PCR, Petitioner

was represented by Mills Ariail, Esq. *Id.* at 20–71. A PCR evidentiary hearing was held

before the Honorable James R. Barber III, Circuit Court Judge, on August 25, 2014, at

which Petitioner and his trial counsel testified. *Id.* On October 17, 2014, Judge Barber

issued an order of dismissal. *Id.* at 72–80.

Petitioner appealed the denial of PCR. Appellate Defender Wanda H. Carter of the

South Carolina Commission on Indigent Defense, Division of Appellate Defense,

represented him on appeal. [ECF No. 14-12]. Attorney Carter filed a petition for writ of

certiorari in the South Carolina Supreme Court on or about June 29, 2015, raising the

following issue:

Trial counsel erred in eliciting testimony from a police officer about
information referencing petitioner's involvement in an additional burglary
and another grand larceny that were arguably crimes unrelated to the

---

with an opportunity to respond, the reviewing court must conduct a full examination of
the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

burglary and grand larceny charges for which petitioner was on trial because this opened the door for the jury to consider prejudicial prior bad acts evidence in the case, which in turn violated petitioner's right to a fair trial.

*Id.* at 3.

By order dated May 5, 2016, the South Carolina Supreme Court denied the petition for certiorari. [ECF No. 14-14]. The remittitur was issued on May 23, 2016. [ECF No. 14-15]. Petitioner filed this federal petition for a writ of habeas corpus on February 1, 2017. [ECF No. 1-2 at 1].[2]

II.    Discussion

    A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**    Ineffective assistance of counsel

        Supporting Facts: Trial counsel was ineffective for eliciting testimony from a police officer which open the door for "bad acts" and crimes not subject to conviction.

**Ground Two:**    Ineffective assistance of counsel

        Supporting Facts: Trial counsel was ineffective for failing to object to closing arguments of the prosecution. During its closing argument the State introduced before the jury that the Petitioner along with Tisha Brown disposed of a stolen vehicle used to evade law enforcement officers. The State further presented before the jury statements made to formulate the conspiracy to dispose of a stolen vehicle. None of which was introduced into evidence. Tr. R. 766,

---

[2] The petition was received and docketed by the court on February 6, 2017. [ECF No. 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on February 1, 2017. [ECF No. 1-2 at 1].

L19 to p.768, L1. Thus, denying Petitioner due process and a fair trial.

**Ground Three:**   Ineffective assistance of trial counsel

Supporting Facts: Trial counsel did not object to the State's use of perjured testimony and subsequent failure to correct false evidence presented to the jury regarding the petitioner's driver's license been found in a vehicle outside the crime scene. All responding law enforcement officers testified regarding the securing of the vehicle and its search by Lt. Robinson of the P.C.S.O. Yet, the computer generated CAD report disputes their testimony of time and events leading up to the discovery of the wallet and license.

**Ground Four:**   Ineffective assistance of trial counsel

Supporting Facts: Trial counsel failed to object to impermissible questioning by the State that the petitioner attempted to bribe and influence a State witness.

**Ground Five:**   Ineffective assistance of counsel

Supporting Facts: Trial counsel was ineffective for failing to object, move to strike, or ask for a mistrial when the State posed the impermissible question that the petitioner attempted to bribe and influence the State's chief witness.

**Ground Six:**   Ineffective assistance of counsel

Supporting Facts: Trial counsel was ineffective for failing to object, move to strike, or ask for a mistrial when the State attempted to introduce substantive evidence of other acts allegedly committed by the petitioner through impermissible questioning. The State asked on (4) separate occassions whether the petitioner solicited Tisha Brown to file a false police report to law enforcement. This objectionable question impugned upon petitioner's character, credibility and past conduct not subject to any arrest, indictment, or conviction.

**Ground Seven:**   Ineffective assistance of counsel

Supporting Facts: Trial counsel was ineffective for not objecting to the State violating petitioner's confrontation clause rights when the State introduced evidence of the petitioner's missing licence by way

of a DMV records clerk and not the actual agent at the DMV whom the petitioner had contact with. Then further, the State placed the petitioner's character against the absent DMV agent during closing arguments. In which petitioner's trial lawyer failed to object to.

**Ground Eight:**   Ineffective assistance of counsel

Supporting Facts: Trial counsel was ineffective for failing to request an alibi charge when the State introduced evidence of the petitioner's alibi.

[ECF No. 1 at 5–13] (errors in original).

B.   Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party

may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

        C.      Habeas Corpus Standard of Review

        1.      Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

      (A)      the applicant has exhausted the remedies available in the courts of the State; or

      (B)      (i) there is an absence of available State corrective process; or

               (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not

PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such,

---

consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

. . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), cert. denied, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.    Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the

proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because

it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102, quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

    D.    Analysis

        1.    Procedurally-Barred Grounds

As an initial matter, Respondent alleges all of Petitioner's claims except Ground One are procedurally barred because they were not raised to nor ruled upon in his PCR appeal. [ECF No. 14 at 12]. The undersigned agrees.

In Ground Two, Petitioner argues trial counsel was ineffective for failing to object to the solicitor's closing argument in which she told the jury that Petitioner and his girlfriend "disposed of a stolen vehicle use to evade law enforcement officers" when no evidence in the record supported this argument. [ECF No. 1 at 7].

In Ground Three, Petitioner argues trial counsel was ineffective for failing to object to impermissible questioning. Specifically, Petitioner argues trial counsel should have objected to the State's use of allegedly false evidence regarding his driver's license having been found in a car outside the crime scene when a CAD report allegedly disputed the police officer's testimony of time and events leading up to the discovery of the wallet and license. *Id.* at 8.

In Grounds Four and Five, Petitioner argues trial counsel was ineffective in failing to object to impermissible questioning by the State that Petitioner attempted to bribe and influence a State witness. *Id.* at 10–12. These grounds appear to refer to letters

Petitioner's girlfriend sent to Parks at Petitioner's request that show Petitioner attempted to influence the testimony of his girlfriend and Parks following his arrest. [ECF No. 14-2 at 40–52].

In Ground Six, Petitioner argues trial counsel was ineffective in failing to object to the State's impermissible questioning to elicit substantive evidence of other acts Petitioner allegedly committed. Specifically, Petitioner complains of the State's line of questioning concerning his soliciting his girlfriend to file a false police report. [ECF No. 1 at 12].

In Ground Seven, Petitioner argues trial counsel was ineffective in failing to object to the State's violating his confrontation clause rights when it introduced evidence of Petitioner's missing license by way of a DMV records clerk and not the actual agent at the DMV with whom Petitioner had contact. *Id.* at 13.

In Ground Eight, Petitioner argues trial counsel was ineffective in failing to request an alibi charge when the State introduced evidence of Petitioner's alibi. *Id.*

Because the claims in Grounds Two through Eight were not raised to or ruled upon by the state appellate courts, they were not preserved for review. *See*, *e.g.*, *Coleman v. Thompson*, 501 U.S. 722 (1991) (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). As a result, these claims were not properly presented to the South Carolina appellate courts, which would find them procedurally defaulted if Petitioner attempted to raise them now. Accordingly, Petitioner's claims in Grounds Two through Eight are barred absent a showing of cause and actual prejudice or actual innocence.

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

        2.        Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Two through Eight. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a PCR appeal in which

to raise these issues. However, he failed to raise them. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

In his response to summary judgment, Petitioner cites to the holding in *Martinez v. Ryan*, 566 U.S. 1 (2012), and argues the procedural bar applied to Grounds Two through Eight should be lifted due to his PCR counsel's ineffectiveness. [ECF No. 19]. Specifically, Petitioner:

> asserts that his grounds are substantial claims of ineffective assistance of trial counsel; that PCR counsel was objectively unreasonable in failing to properly raise them; and that, but for PCR counsel errors, there is a reasonable probability that Petitioner would have received relief on his claim that trial counsel was ineffective.

*Id.* at 5.

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991). In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-

of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

569 U.S. at 14. (internal citation omitted).

However, as Respondent notes in its reply [ECF No. 20], Petitioner's reliance on *Martinez* in this case is misplaced. Because Petitioner raised his habeas issues in his initial collateral action, but PCR appellate counsel elected not to present these issues to the highest state court in his PCR, *Martinez* is inapplicable, as ineffective assistance of PCR appellate counsel is not cause for a default. *Martinez,* 565 U.S. at 11; *Cross v. Stevenson*, No. 11-2874, 2013 WL 1207067 at 3 (D.S.C. Mar. 25, 2013) ("Martinez . . . does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default. In fact, the Supreme Court expressly noted its holding 'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.")(*quoting Martinez*, 132 S.Ct. at 1320); *Rodriguez v. Padula*, No. 11-1297, 2014 WL 1912345 at 7 (D.S.C. May 12, 2014); *Johnson v. Warden of Broad River Corr.,* No. 12-7270, 2013 WL 856731 at 1 (4th Cir. Mar. 8, 2013) (PCR appellate counsel error cannot constitute cause under *Martinez* exception).

In the alternative to demonstrating cause and prejudice, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner cannot establish the errors

he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 338 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above, including that Petitioner was given two sets of keys when he purchased the car on the morning of the robbery [ECF No. 14-1 at 127–32], but only gave one set to his girlfriend [ECF No. 14-2 at 23]. Petitioner's girlfriend reported the car was missing from her house the morning after the robbery. Petitioner's cell phone and multiple forms of identification were found in the car, along with items stolen from the two businesses. K-9 officers testified, corroborating Parks' testimony about the path he and Petitioner took when they fled the crime scene. [ECF No. 14-1 at 162–71]. Parks testified he and Petitioner looked "to do a lick" that night, they broke into the businesses, robbed them, and then fled on foot. Based upon the evidence presented at trial, the jury determined Petitioner was guilty of larceny, burglary, the gun charge, and malicious damage to real property. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, procedural bars apply to his claims in Grounds Two through Eight.

### 3. Merits Review of Ground One

In Ground One, Petitioner argues trial counsel was ineffective for eliciting testimony from a police officer that opened the door for "bad acts" and crimes not subject

to conviction. [ECF No. 1 at 5].

In finding trial counsel was not ineffective for eliciting unfavorable testimony, the

PCR judge found as follows:

> This Court finds the Applicant failed to meet his burden of proving trial counsel did not properly handle the issue of the Laurens vehicle. During cross-examination, trial counsel asked Lt. Byers about whether there was confusion over a stolen vehicle. (Trial transcript, p.445). Over trial counsel's objection, the assistant solicitor explained to the trial judge that she would recall Detective Baker [] because "it is believed that the vehicle was stolen and used by the defendant and codefendant to drive back to Greenville." (Trial transcript, p.471). Detective Baker testified this vehicle was stolen near the crime scene and recovered in Laurens County. (Trial transcript, pp.473–74). The Applicant's co-defendant subsequently testified they stole a vehicle in order to escape. (Trial transcript, pp.512–13). This Court finds the Applicant has failed to prove either error or prejudice. The Applicant argues trial counsel opened the door to damaging testimony when he asked Lt. Byers about a stolen vehicle. Trial counsel testified he questioned Byers about it, but not to show the Applicant committed another crime. Trial counsel testified he wanted to "take a shot at Byers" when he could. This Court finds trial counsel used a valid trial tactic in asking Byers whether there was confusion about the stolen vehicle, as this could have created uncertainty about this facet of the State's case. *See Roseboro v. State*, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel). This Court does not find trial counsel opened the door to damaging testimony. Further, the Applicant cannot prove he was prejudiced by this testimony, as the co-defendant is the witness who testified they stole this vehicle. As the co-defendant ultimately testified about the vehicle theft, there is no reasonable probability the result of the proceeding would have been different if trial counsel had not questioned Lt. Byers about the stolen vehicle. *See Cherry v. State*, 300 S.C. at 117–18, 386 S.E.2d at 625.

[ECF No. 14-4 at 77–78].

At the evidentiary hearing, trial counsel explained the State's theory of the case

was that Petitioner and Parks, after being caught in the act of burglarizing two businesses,

fled the scene on foot. *Id.* at 69–70. Considering Petitioner's identification and a bill of

sale identifying Petitioner were found in the still-running car outside the burglarized businesses, trial counsel attempted to do the best he could to discredit the investigation of the burglary before Parks took the stand. Although trial counsel did not specifically articulate his strategy at the PCR hearing, a reading of the record indicates trial counsel was attempting to inject some confusion into law enforcement's investigation into the chain of events. *Id.* (trial counsel testifying that "But having that information, if it was Byers that I was cross examining, and I think it was, certainly having my shot at Byers on cross examination, I had to take it when I could" [because the fact of the stolen car] was coming out at some point during the trial based upon what they did after the burglary); *see Wood V. Allen,* 558 U.S. 290, 301–02 (2010) (holding the record can be read to support a judge's factual determination of counsel's trial strategy).

In light of the overwhelming evidence recited above, Petitioner has failed to demonstrate that he was prejudiced by trial counsel's single question during his cross-examination of the Pickens investigator concerning the stolen Taurus, especially in light of his codefendant's later testimony that he and Petitioner stole the Taurus from a Laurens County body shop. *See Franklin v. Catoe*, 346 S.C. 563, 570 n. 3, 552 S.E.2d 718, 722 n. 3 (2001) (finding overwhelming evidence of guilt negated any claim that counsel's deficient performance could have reasonably affected the result of defendant's trial).

The PCR court's finding the strategy was reasonable is based, in part, on trial counsel's testimony, which the PCR court found to be credible, a finding entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28

U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner may overcome this presumption of correctness only by showing "'clear and convincing evidence to the contrary.'" *Wilson v. Ozmint*, 352 F.3d 847, 858–59 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 240 (2003)).

The undersigned has reviewed the record before the court and finds Petitioner has failed to present sufficient evidence to show that the state courts' rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law. The undersigned also finds Petitioner failed to establish that the state court's rulings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's trial. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was an unreasonable determination of the facts based on the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157–58 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (finding the determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence).

Accordingly, the undersigned recommends Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [ECF No. 13] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 20, 2017                              Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).